1  FENNEMORE CRAIG, P.C.
   Thomas H. Fell (No. . 003717)
2  Anthony W. Austin (No. 025351)
   300 S. Fourth Street, Ste. 1400
3  Las Vegas, NV 89101
   Telephone:  702-791-8225
4  E-Mail:  tfell@fclaw.com
              aaustin@fclaw.com
5
   *Attorneys for Creditor KJH & RDA Investor Group, LLC*
6

7              **UNITED STATES BANKRUPTCY COURT**

8              **FOR THE DISTRICT OF NEVADA**

9

| | |
|---|---|
| In re:<br><br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No. 15-13706-abl<br>Chapter 11 |
| In re:<br><br>TURNBERRY/MGM GRAND TOWER B.,<br>LLC,<br>☒ Affects this Debtor. | **JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl**<br><br>Case No. 15-13708-abl<br>Chapter 11 |
| In re:<br><br>TURNBERRY/MGM GRAND TOWER C,<br>LLC,<br>☒ Affects this Debtor. | Case No. 15-13709-abl<br>Chapter 11 |
| KJH & RDA INVESTOR GROUP, LLC, et al.,<br><br>                         Plaintiffs,<br>      v.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>et al.,<br><br>                         Defendants. | Adversary No.  15-01123-abl<br><br>**ANSWER AND RESPONSE TO NOTICE OF REMOVAL**<br><br><br><u>Scheduling Conference</u>:<br>Date:  December 8, 2015<br>Time: 9:30 a.m. |

        Creditors KJH & RDA Investor Group, LLC, and those individuals and entities

listed on Exhibit A hereto ("Plaintiff Claimants"), by and through their counsel, Thomas

H. Fell, Esq. of the law firm of Fennemore Craig, hereby submit their Answer and

Response to Notice of Removal [ECF No. 94].

10695177

## I.    Answer to Factual Background

1.    Answering paragraphs 1, 2, 3 and 4 of the Notice of Removal, Plaintiff Claimants admit the allegations contained therein.

2.    Answering paragraphs 8 and 19, Plaintiff Claimants defer to the State Court docket for the accuracy of the allegations contained therein.

3.    Answering paragraphs 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, and 23, Plaintiff Claimants deny the allegations contained therein.

4.    Answering paragraph 18, such paragraph does not contain any factual allegation requiring a response from Plaintiff Claimants.

## II.    This Court does not have original jurisdiction as the claims are non-core claims.

The bankruptcy court's subject matter jurisdiction is defined by statute. Under 28 U.S.C. § 1334(b), a bankruptcy court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The strong presumption against removal means the removing party bears the burden of establishing federal jurisdiction and that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Pursuant to 11 U.S.C. 157(b), this Court may only hear and determine cases that are deemed "core" proceedings. There are three ways to classify a proceeding as "core." First, cases "arising under title 11" are considered core. 28 U.S.C. § 157(b)(1). Second, cases "arising in a case under title 11" are considered core. *Id.* Third, 28 U.S.C. § 157(b)(2) provides a non-exhaustive list of core proceedings.

Courts within the Ninth Circuit have stated that "arising in" jurisdiction refers to administrative matters that arise in the course of a bankruptcy case. *In re Eastport Associates.*, 935 F.2d 1071, 1076 (9th Cir. 1991); *Sedlachek v. Nat'l Bank (In re Kold Kist Brands, Inc.),* 158 B.R. 175, 178 (C.D.Cal.1993). Other courts have addressed the meaning of "arising in" and "arising under," holding that a proceeding is a "core proceeding," falling under the bankruptcy court's jurisdiction, "if it invokes a substantial right provided

by title 11 or it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Leco Enterprises.,* 144 B.R. 244,   248–49 (D. S.D.N.Y. 1992) (*citing In re Wood,* 825 F.2d 90, 96–97 (5th Cir.1987)).

In general, a rule of thumb for whether a proceeding is "core" is that where the proceeding could exist outside of bankruptcy it is "non-core." *Eastport Assoc.,* 935 F.2d at 1077. A core proceeding is "an action [that has] ... as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." *In re Leco Enters.,* 144 B.R. at 249 (*quoting Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 173 (Bankr.E.D.N.Y.1986), *aff'd,* 1987 WL 47763 (E.D.N.Y.1987)).

The state law claims in this proceeding do not fall under any of the categories listed in § 157(b)(2). The only possible argument that the claims are covered by the § 157(b)(2) list is that they fall under either § 157(b)(2)(A) ("matters concerning the administration of the estate") or § 157(b)(2)(O) ("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship....")

However, the Ninth Circuit has ruled that these "catch-all" provisions should be strictly construed. *Piombo Corp. v. Castlerock Prop. (In re Castlerock Prop.),* 781 F.2d 159, 162 (9th Cir.1986) ( "... we hold that state law contract claims that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B)-(N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions, sections 157(b)(2)(A) and (O).")

The State Action is not core because none of the claims asserted fall under any of the enumerated provisions of Section 157(b). Specifically, Section 157(b)(2)(A) is not implicated because adjudication of the Plaintiff Claimants' claims against the non-debtor parties will not impact the administration of the estate. The Debtor invokes this provision with absolutely no analysis and baldly states that Section 157 (b)(2)(A) renders this matter core.

1    Further, Section 157(b)(2)(B) is inapplicable as the State Action has nothing do

2    with the adjudication of claims against the estate.  Rather, the Plaintiff Claimants have

3    asserted state law claims against non-debtor third parties.  The fact that these causes of

4    action arise out of a similar set of facts does not impart this Court with jurisdiction over

5    the State Action.  *See In re Spokane Raceway Park, Inc.*, 392 B.R. 451, 457 (Bankr. E.D.

6    Wash. 2008).  Any determination by the Nevada state court as to the Plaintiff Claimants'

7    claims against the third party non-debtor parties will not adjudicate their claims in the

8    estate.  Again, Debtor cites to this provision as a basis for jurisdiction but provides

9    nothing for this Court to actually analyze.

10    Finally, Section 157(b)(2)(O) similarly fails to impart jurisdiction.  Section

11    157(b)(2)(O) must be narrowly construed and as discussed above is inapplicable to state

12    law contract and tort claims like the ones asserted by the Plaintiff Claimants against the

13    third party non-debtor defendants.  Accordingly, the State Action is not a core proceeding

14    and this Court lacks jurisdiction.

15    **III.    This Court does not have "related to" jurisdiction over the removed**

16    **causes of action.**

17    Debtor has asserted that the State Action is "related to" this bankruptcy, and

18    therefore, this Court has jurisdiction to hear and administer the State Action.  Despite,

19    Debtor's allegations, "related to" jurisdiction is not limitless.  The Debtor is not a party to

20    the State Action and therefore it has zero impact on the estate.  To be clear, while the

21    Debtor was initially named in the State Action, it is no longer a party in the State Action

22    that is proceeding to discovery and trial in State court.  Accordingly, this Court lacks

23    jurisdiction over the State Action.

24    In addition to jurisdiction over matters "arising in" or "arising under" title 11, the

25    bankruptcy court also has jurisdiction over "those proceedings that are 'related to' a

26    bankruptcy case." Under the *Pacor* test, a bankruptcy court has "related to" jurisdiction

27    over a matter if:

28

FENNEMORE CRAIG
PROFESSIONAL CORPORATION

10695177

the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Fietz v. Great W. Savings (In re Fietz),* 852 F.2d 455, 457 (9th Cir.1988) (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). The United States Supreme Court endorsed *Pacor's* conceivability standard with the caveats that "related to" jurisdiction "cannot be limitless," and that the critical component of the Pacor test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 & n. 6 (1995). *In re Sihabouth,* 2014 WL 2978550, at *4 (9th Cir. BAP July 2, 2014).

While the limits of "related to" jurisdiction are vague, the more a debtor must stretch to find an "effect" on the estate, the greater the chance that a trial or appellate court will find subject-matter jurisdiction wanting. *In re Eads,* 135 B.R. 387, 393 (Bankr. E.D. Cal. 1991). Moreover, the risk that an appellate court may disagree with a finding of jurisdiction operates as a limiting factor on findings of relatedness by trial courts that can ill-afford wasting trial time on disputes they lack jurisdiction to entertain. *Id.* The existence of shared facts between the claims in the removed action is not sufficient to give rise to "related to" jurisdiction. *In re Spokane Raceway Park, Inc.,* 392 B.R. 451, 457 (Bankr. E.D. Wash. 2008).

Debtor has asserted that the alleged indemnity claims asserted by the MGM Entities are sufficient to give rise to "related to" jurisdiction. Plaintiff Claimants are unaware of any alleged indemnity claims, and no such claims have been pled in any of the pending actions to date. Nevertheless, courts in the Ninth Circuit have rejected "related

to" jurisdiction in situations similar to this one.  The court in *In re Neff* upheld the trial court's determination that the asserted indemnity claims against the Debtor were not sufficient to grant the court "related to" jurisdiction.  2013 WL 1897019 (9th Cir. BAP 2013).  Specifically, the BAP stated "the possibility of an indemnity or contribution claim against Debtor or the estate, which existed only to the extent that [the indemnified party] was first determined liable, was insufficient to establish jurisdiction." *Id.* at *5.  Important to the BAP was the lack of any actual contractual liability on the part of the debtor to indemnify the other defendant. *Id.* at *6.

Debtor further contends that joint and several liability amongst defendants creates "related to" jurisdiction.  However, Debtor is not a party to the State Action and therefore cannot be held joint and severally liable with the defendants.  In *Pecor*, the Third Circuit held that "related to" jurisdiction did not exist.  The debtor in *Pecor*, was not a party to the removed action and therefore determinations in the removed action could not be binding on the debtor or its estate.  The court in *Pecor* went on to hold that "[e]ven if the removed action is resolved in favor of [Plaintiff] (thereby keeping open the possibility of a third party claim), [Debtor] would still be able to relitigate any issue, or adopt any position, in response to a subsequent claim by [Defendant]. Thus, the bankruptcy estate could not be affected in any way until the [Defendant-Debtor] third party action is actually brought and tried." *Pacor*, 743 F.2d at 995.

The Ninth Circuit BAP in *In re Aci-HDT Supply Co.* also rejected "related to" jurisdiction where the debtor was not a party to the litigation. 205 B.R. 231, 238 (9th Cir. BAP 1997). In *ACI-HDT*, the debtor removed litigation to which it was not a party to the bankruptcy court.  The court ultimately held that it lacked "related to" jurisdiction because "[t]he debtor is not named as a defendant in the state action. The claims are based solely in state law and seek redress for conduct of the defendants for which they are jointly and severally liable. Most importantly, this is not a situation where the appellants are attempting to usurp causes of action that a trustee would have." *Id.* Because the debtor was not a party to the litigation the court also noted that it would not be bound by

1  determinations in the removed litigation and therefore there was no effect on the estate.

2  *Id.*

3      At issue in the State Action are the Plaintiff Claimants' claims against third party

4  non-debtor entities.  The resolution of these claims does not determine the Debtor's rights

5  and obligations vis-à-vis the Plaintiff Claimants or the third party non-debtor defendants.

6  Res judicata and collateral estoppel are inapplicable to proceedings against the Debtor

7  related to the State Action.  Accordingly, there is no "related to" jurisdiction for this Court

8  to invoke and the matter must be remanded to state court.

9      **IV.**    **Plaintiff Claimants do not consent to final orders entered by this Court.**

10      The State Action is composed entirely of state law claims.  This Court, even if it

11  has jurisdiction, lacks constitutional authority to adjudicate.  *See Stern v. Marshall*, 564

12  U.S. ___, 131 S.Ct. 2594 (2011).  Pursuant to the Court's recent decision in *Wellness*

13  *International Network, Ltd. v. Sharif*,  575 U.S. ___, 135 S.Ct. 1932 (2015), this Court's

14  lack of constitutional authority may be solved by knowing and voluntary consent of the

15  parties.  Accordingly, Plaintiff Claimants do not consent to adjudication by this Court of

16  any claim over which the Court does not have constitutional authority, and pursuant to LR

17  9014.2, do not consent to entry of final orders or judgment by the bankruptcy judge.

18

19      DATED this 14th day of August, 2015.

20                                 FENNEMORE CRAIG, P.C.

21

22                              By:

23                                 Thomas H. Fell

                               Anthony W. Austin

                               *Attorneys for Plaintiffs.*

24

25

26

27

28

# EXHIBIT "A"

# EXHIBIT "A"

KJH & RDA INVESTOR GROUP, LLC

37th FLOOR INVESTOR GROUP, LLC

MICHAEL ANDERSON

MATHEW ANDERSON

PIERRE BAIN

IBRAHIM BARLAJ

LAURA BARLAJ

DAN BIRDSALL

TERENCIA CONEJERO

DIANE B. FAULCONER

FCF, LLC

STEPHEN J. GUYON

OGANES JOHN HAKOPYAN

MARKAR KARATAS

NURHAN CELIK

FRANK KEANE

CAROL KEANE

LETICIA L. MAGRI

ANAHIT MANDOYAN

ALEXANDER MANDOYAN

SUSAN MIGNOT

MARK MIGNOT

MARY MOMDZHYAN

BB VENTURES, LLC

ED NARVAEZ

DANE R. PHILLIPS

CRAIG A. PRIMAS

JAMES RICK

LAURINDA RICK

DOUGLAS SCHOEN

PGR ENTERPRISES, LLC

DIMITRITSA H. TOROMANOVA

38th FLOOR INVESTOR GROUP, LLC

DAVID L. VADIS

ROSS BERKELEY

WOLF TRADING COMPANY, LLC

MICHAEL WILSON

STANLEY WILSON

CAMILLA WILSON

DASHRATH PANCHAL

DINA D. PANCHAL

NARMIN HIRJI

QUEZADAS-HORTA FAMILY TRUST, Roberto Quezadas-Horta, Trustee

JOSEPH H. SMITH

CAROL J. SMITH

MARIA ORELLANA

MAGHAMI FERIAL TRUST, Ferial Maghami, Trustee

LEONARDO BARRERA

GLORIA BARRERA

MOJISOLA ADEKUNBI

ABIOLA SANNI

SIGNATURE MGM GRAND, LLC

DOUGLAS HUIBREGTSE

JAMES HOKANSON

ANTE LONCAR

LJUBICA LONCAR

ELIZABETH G. VIDUCICH

RAUL RIOS

FERMINA RIOS

VLADIMIR RIVKIN

DANNY MAES

STEPHANIE CLEVELAND

MARK N. KECHEJIAN

CHRISTINE KECHEJIAN

MICHAEL HAHALYAK

LISA KRISAY-HAHALYAK

BENJAMIN RUDNITSKY

TAMAR A. RUDNITSKY

CLAY FRAZIER

PAULA FRAZIER

MIRIAM KIM

MARIE KIM

PASQUALE FEBBRARO

CATHLEEN M. FEBBRARO

HYO SHIN

JUNG SHIN

EUN YOUNG LEE

JOHN O. TOROSIAN

SARKIS TOROSIAN

LUNIQUE LE

RAFFI PIRICHIAN

ANI PIRICHIAN

JIM C. BURGUM

NANCY MARTINA

HERMAN CELIKIAN

RICHARD FELDMAN

LES KRIEGER

REBEKAH KRIEGER

CHRISTINA KIM

JUAN MEDINA

CLARISSA MEDINA

THOMAS CIFELLI

JOHN CIFELLI

MANSOUR SHAMS

ZAHRIA SHAMS

LEE FAMILY TRUST, Chris Lee and Suzie Lee as Co-Trustees;

BRADLEY COSTELLO 1997 TRUST, Bradley Costello as Trustee;

BERNARD KLOUDA

RUZAN CHARKCHYAN

ARUTYUN CHARKCHYAN

MARCO GONZALEZ

MARK BUCHSTABER

DEBORAH BUCHSTABER

LINH TANG

HUNG TANG

JERRY BROWN

WILLIAM PEDERSON

TATYANA PEDERSON

CHARLES GERACI

DELVIN DIAZ

MYUNG JA CHO

SHERENNE TANG

JULIETA BALAHADIA

CHENG LIM

DAVID SHIM

HOJOON LEE

MICHAEL LINARES

LAURIE LINARES

GREG YI

GRACE YI

SOLIP, LLC

UJJAL GHOSHTAGORE

WERDMULLER FAMILY TRUST, Walter E. Werdmuller von Elgg and Jill C. Werdmuller von Elgg, Trustees

SASAN SEIDFATHI

MEHRNAZ SAGHAFI

LAWRENCE M. DUMOULIN

SEHAK TUNA

VARTUHI TUNA

LAWRENCE HOBSON

LINDA M. HOBSON

LEE PRITZL

BELINDA W. LOUIE

AMIN A. RAHIM

ZAITUN A. RAHIM

PRISCILLA SALEM

IKE SHERMAN

GILLIANA SHERMAN

REMI OHTA

DUNCAN & GARDELLA ENTERPRISES, LLC

ALEXANDER GONSECKI

VALENTINA GONSECKI

SHI SI ZHENG

MARTHA VIAS

ANDRES F. ALOS

CHARLES CROOKS

LAURA CROOKS

SAMPAL FAMILY REVOCABLE LIVING TRUS

FOUAD FEGHALI

BASSILIOS C. PETRAKIS

DANIEL REICH

 NATALIE REICH

JOSE SANCHEZ

LINDA S. CORBRIDGE

RAFIK BAKIJAN

RONALD D. PERKINS

LV 700, LLC